**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **ROBERT FIALLO,** *et ux.*, | \* |
| Plaintiffs, | \* |
| v. | \*   Case No.: PWG-14-1857 |
| **PNC BANK, NATIONAL ASSOCIATION,** *et al.*, | \* |
| Defendants. | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Robert Fiallo and Jeanette S. Fiallo obtained a mortgage loan to purchase 10823 Burbank Drive, Potomac, Maryland 20854 (the "Property") in 2003, but "fell behind in payments in or about 2010." They claim that they repeatedly attempted, without success, to contact PNC "to bring [the] loan current." Compl. ¶¶ 11, 14, 21, 23 & 28, ECF No. 2. After PNC began the foreclosure process in August 2013, *id.* ¶ 18, Plaintiffs filed a Complaint against the current administrator of their loan, Defendants PNC Bank, National Association; the PNC Financial Services Group d/b/a PNC Bank, National Association; PNC Bank NA; and PNC Mortgage (collectively, "PNC") in the Circuit Court for Montgomery County, alleging eight state law claims and seeking a declaratory judgment that "Defendants were not permitted to bring the foreclosure proceeding under the circumstances [described in the Complaint]" and that the "foreclosure proceeding should be dismissed," Compl.

PNC removed the case to this Court on the basis of diversity jurisdiction. Notice of Removal ¶ 5, ECF No. 1. Plaintiffs have filed a motion to remand to state court. ECF No. 8. It

is undisputed that the parties are diverse. *See id.* ¶¶ 6–8; Pls.' Mot. PNC asserts that, "[i]n actions seeking declaratory or injunctive relief, it is well established that 'the amount in controversy is measured by the value of the object of the litigation,'" and in this case, the Property is the object of the declaratory judgment action and its value greatly exceeds $75,000. Notice of Removal 9–10 (quoting *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)).

Pursuant to 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." When a plaintiff files such an action in state court, the action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, as noted, it is undisputed that the parties are diverse, and Plaintiffs' argument for remand hinges on the amount in controversy. Noting that they have filed an Amended Complaint that eliminates the count for a declaratory judgment, ECF No. 7, Plaintiffs ask the Court to remand the action to state court. ECF No. 8. They insist that they did not amend to defeat jurisdiction, Pls.' Mot. ¶ 4, but rather because the count was "unnecessary and duplicative," as "that issue is currently being determined in state court in the underlying foreclosure action," *id.* ¶ 2. Plaintiffs argue that a remand, while "not . . . *required*," is "certainly appropriate." Pls.' Mem. 2.

"[T]he amount in controversy for jurisdictional purposes is determined at the time of removal." *Ross v. Mayor & City Council of Baltimore*, No. ELH-14-369, 2014 WL 2860580, at *5 (D. Md. June 20, 2014); *see Porsche Cars North America, Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002) ("[A] court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." (quoting *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991))). Moreover, for well over a century, it has been "the general rule that when the jurisdiction of a [trial] court of the United States has once attached it will not be ousted by subsequent change in the conditions." *Kirby v. Am. Soda Fountain Co.*, 194 U.S. 141, 145–46 (1904) (citing, *e.g.*, *Clarke v. Matthewson*, 37 U.S. (12 Pet.) 164, 171 (1838)); *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938) (same); *Choice Hotels Int'l, Inc. v. Shiv. Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007) (same). A plaintiff's reduction of the amount in controversy after removal is a subsequent event. *Thompson v. Victoria Fire & Cas. Co*., 32 F. Supp. 2d 847, 849 (D.S.C. 1999) ("post-removal events, *such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit*, do not deprive federal court of diversity jurisdiction") (emphasis added); *see also Wiley v. Advance Am.*, No. 3:07-3553-TLW-TER, 2008 WL 4179652 (D.S.C. Sept. 5, 2008) ("post removal amendments cannot divest the court of jurisdiction"). Thus, "[i]t is well settled that jurisdiction depending on diversity of citizenship is not lost . . . by the reduction of the amount demanded below the jurisdictional amount." *Hood ex rel. N.C. Bank & Trust Co. v. Bell*, 84 F.2d 136, 137 (4th Cir. 1936).

The Fiallos are not the first plaintiffs to seek to secure remand by reducing their demands. *See, e.g.*, *Kirby*, 194 U.S. 141. In *Kirby*, after the defendant properly removed the case to federal

court, the plaintiff reduced the amount in controversy and then moved to remand for lack of jurisdiction. *Id.* at 145. The district court denied the plaintiff's motion, and the Supreme Court affirmed, reasoning that the amount in controversy exceeded the jurisdictional amount at the time of removal, and the "jurisdiction thus acquired by the circuit court was not d[i]vested by plaintiff's subsequent action." *Id.* at 146; *see also Kanouse v. Martin*, 56 U.S. (15 How.) 198, 207–08 (1853) (stating that federal court had jurisdiction even though, after removal, plaintiff reduced his demand to below the jurisdictional minimum, because "when the jurisdiction of a court of the United States has once attached, no subsequent change in the condition of the parties would oust it").

Here, Plaintiffs originally included a declaratory judgment count regarding their rights to the Property, and it is undisputed that the declaratory judgment count put the amount in controversy well over the jurisdictional minimum. It is true that, by amending and eliminating that count, Plaintiffs reduced their demands to $70,000, $5,000 below the jurisdictional minimum. *See* 28 U.S.C. § 1332(a). But, they did not do so until after Defendants filed their Notice of Removal. Thus, when Defendants filed their Notice of Removal, the "matter in controversy exceed[ed] the sum or value of $75,000," and this Court had jurisdiction, *see id.*, and removal was proper, *see* 28 U.S.C. § 1441(a). Moreover, Plaintiffs' reduction of the amount in controversy did not destroy jurisdiction. *Kirby*, 194 U.S. at 146; *Cooke*, 69 U.S. at 218; *Kanouse*, 56 U.S. at 208; *Hood*, 84 F.2d at 137. Therefore, this Court has diversity jurisdiction, and a remand for lack of subject-matter jurisdiction is not warranted.

Perhaps ironically, had Plaintiffs not amended, a remand would have been warranted for the declaratory judgment count pursuant to the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971),[1] and the remaining claims pursuant to 28 U.S.C. § 1367(c).

> The doctrine of abstention articulated in *Younger* requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *see Graves v. One West Bank, FSB*, No. DKC-13-3343, 2014 WL 994366, at *2 (D. Md. Mar. 13, 2014) (same). Significantly, "'"*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action."'" *Id.* (quoting *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007)). Section 1367 provides that this Court "may decline to exercise supplemental jurisdiction [over claims that form part of the same controversy as those over which the Court has original jurisdiction] if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Here, the foreclosure proceedings in state court satisfy the first element of the *Younger* doctrine. Maryland's "substantial interest in its property law" satisfies the second element. *Graves*, 2014 WL 994366, at *2 (citing *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348,

---

[1] Although *Younger* is not a jurisdictional doctrine, district courts may raise the issue *sua sponte*. *See Boyd y. Georgia*, 512 F. App'x 915, 916 (11th Cir. 2013) (affirming *sua sponte* dismissal on *Younger* abstention grounds); *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013) ("a court may raise the issue of abstention *sua sponte*") *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717, 718, 721 (1996) ("[I]t has long been established that a federal court has the authority to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity. . . . [T]he authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." It does not extend to damages actions, which may be stayed but not dismissed on abstention grounds. (citations and quotation marks omitted)).

352 (4th Cir. 2005) ("[P]roperty law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention.")). Thus, given that the Fiallos do not advance any federal constitutional claims, the *Younger* doctrine would require dismissal of the one claim giving rise to this Court's jurisdiction. *See id.*; *Williams*, 516 F. Supp. 2d at 539; *Nivens*, 444 F.3d at 247. Accordingly, it would be appropriate to dismissal the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

Under the unusual circumstances of this case, Plaintiffs eliminated the one claim that both gave rise to this Court's jurisdiction and for which dismissal was necessary. It would not be appropriate for this Court to retain jurisdiction over the remaining eight claims, all based in state common law and all concerning the Property that is the subject of a pending foreclosure proceeding.[2] Therefore, this Court will decline to exercise supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(4) (permitting such action "in exceptional circumstances" when "there are . . . compelling reasons for declining jurisdiction"); *see also* 28 U.S.C. § 1367(c)(3).

Accordingly, it is this 9th day of December, 2014, hereby ORDERED that:

1. Plaintiffs' Motion to Remand, ECF No. 8, IS GRANTED; and

2. The Clerk IS DIRECTED to remand this case to the Circuit Court for Montgomery County and to CLOSE THIS CASE.

                                               /S/
                                      Paul W. Grimm
                                      United States District Judge

lyb

---

[2] The Maryland Judiciary Case Search website, the contents of which I judicially notice, Fed. R. Civ. P. 201, 803(8)(a)(i), 901(b)(5), establishes that the foreclosure action with regard to the Property still is pending in the Circuit Court for Montgomery County.